■ In the Matter of the Claim of DEAN W. FISHMAN, Appellant. COMMISSIONER OF LABOR, Respondent. [701 NYS2d 185] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 30, 1999, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment as a shipping clerk for violating the employer's policy prohibiting workers from being under the influence of alcohol or possessing alcoholic beverages "on company time", whether on or off the employer's premises. Claimant admitted drinking beer during his half-hour lunch break in the workplace basement and then returning to his work duties. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving benefits on the basis that he lost his employment due to misconduct. We affirm.

Consuming alcohol while on the job can be construed as disqualifying misconduct, especially in cases such as this where such conduct violates the employer's established rules (see, Matter of Lugo [Milford Mgt.—Commissioner of Labor], 251 AD2d 742, lv denied 92 NY2d 819, appeal dismissed 92 NY2d

939; *Matter of Daly [Sweeney]*, 244 AD2d 614). Given claimant's admission that he possessed and consumed alcohol during lunch on the day in question and then returned to work, we conclude that substantial evidence supports the Board's decision. Under the circumstances, we reject claimant's assertion that his conduct should be excused since he allegedly was unaware of the employer's policy because he had not read his employee handbook (*see, Matter of Kobrin [Sweeney]*, 216 AD2d 625). Claimant's remaining contentions have been reviewed and found to be without merit.

Cardona, P. J., Mercure, Crew III, Graffeo and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.