■ In the Matter of the Claim of CHERYL A. DICKSON, Appellant. JEFFERSON REHABILITATION CENTER, Respondent; COMMISSIONER OF LABOR, Respondent. [775 NYS2d 606]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 16, 2002, which ruled that claimant was disqualified from receiving unemployment insurance

benefits because her employment was terminated due to misconduct.

Claimant worked as a resident manager for an agency that cares for physically and mentally disabled individuals. In June 2002, while the agency's residents were staying at a cottage on Lake Ontario, claimant consumed a beer while sitting around the campfire after she had finished her shift. She was subsequently terminated for violating the employer's policy against consuming alcoholic beverages on its premises. Following a hearing, her claim for unemployment insurance benefits was denied by the Administrative Law Judge on the ground that she lost her employment through misconduct. The Unemployment Insurance Appeal Board affirmed, and claimant appeals.

Based upon our review of the record, we do not find that substantial evidence supports the Board's decision. Although possessing or consuming alcohol while on duty or on an employer's premises has been found to constitute disqualifying misconduct (*see Matter of Fishman [Commissioner of Labor]*, 268 AD2d 651 [2000]; *Matter of Lugo [Milford Mgt.—Commissioner of Labor]*, 251 AD2d 742 [1998], *appeal dismissed* 92 NY2d 939 [1998], *lv denied* 92 NY2d 819 [1999]; *Matter of Shay [Eastern Alloys—Hudacs]*, 192 AD2d 1043 [1993]), there is a lack of evidence that claimant committed such impropriety in the case at hand. It is undisputed that she was off duty when she consumed the beer. The employer predicated her termination on her violation of its policy against using or possessing alcohol while on its premises. A copy of that policy, however, is conspicuously missing from the record.* In any event, there is an absence of competent proof that the incident occurred on property leased or owned by the employer as the cottage was apparently rented by the residents and funded by an account maintained on their behalf. In view of this, claimant should not have been found in violation of the employer's policy against drinking alcohol on its premises and the Board's decision disqualifying her from receiving benefits must be reversed.

Cardona, P.J., Crew III, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.

---

* Assuming that the one-page attachment to claimant's brief is a correct copy of a page from the employer's policy manual, we note that it prohibits "unapproved use of *liquor* or drugs on premises" (emphasis added), lending further credence to the conclusion that the record lacks substantial evidence that claimant lost her employment due to misconduct.